Bigger v. O'Malley, Appeal No. 23-2514. Mr. Zender, whenever you're ready. Oh, hold on for a second. Wait for Mr. Hensley to get to the table. Good morning. May it please the court, my name is James Zender, and I represent the appellate, Ms. Christi Bigger, in this case. I would like to respect the request that three minutes be reserved for a moment. Inclusion of the standard of proof should be required in every ALJ decision. Mr. Zender, can you address our decision of one week ago in Warner v. O'Malley? Yes, I'd be happy to. That case is easily distinguishable. That dealt with a review of medical facts, which is an application of the substantial evidence. It dealt with form over substance. It did, correct. And that's your argument? Yes, but I think the important piece here to remember is that something so fundamental, such as the standard of proof being applied, is not something that can just be hand-waved as something that is a form over substance. So the test is how fundamental? How do we distinguish Warnell? Do we just say in this case it's a more fundamental issue? I think at the end of the day, the commissioner themselves has dictated what must be included in a decision. The regulations state that you have to include all the reasons for the decision, and the commissioner has interpreted that to include a section titled applicable law. And so how is not including something so fundamental as the standard of proof to be applied, not an applicable law and therefore a reason for the decision? Even if the decision itself makes clear what standard is applied and why it's met? So I would challenge that it is clear, right? When you don't state the standard of proof, as we have here, what does the court really have to understand what standard of proof is applied? It can't re-weigh the facts, right? That's outside the scope of review. I think that's a well-settled precedent. So what else can this court do to determine clearly what standard was applied? And I think, Judge Kirsch, you mentioned it earlier. It's not a truffle hunt by pigs, right? But that's the only thing you really have to do is you have to look at the words and language. Well, that was the argument in Warnell, though. I mean, it's exactly the argument. It's the exact argument that Mr. Duncan made in Warnell. It sounds to me like it's the same argument because there I think they were talking about medical history and voiding summaries of the medical history. You need to include the plaintiff's medical history so we could review it. And here you're saying you need to state the standard of review. So the standard of review, when they're talking about medical evidence, is a substantial evidence standard. Here today we're arguing that there's a legal error, right? That the regulations state that you must include the reasons for your decision. That's in 404 and 953. That's in there, right? That's there. The reasons are in there. And I think it's broadly enough stated, a reason for the decision, that something as fundamental as the standard of proof would fall within that general statement. So could you imagine us remanding in this case? I mean, we would be remanding. Under your argument, we would be remanding for the ALJ to insert the standard of review into her opinion. So I think that goes to the question of harmless error, right? It does apply to legal errors. And so that's why it's so important to look to the decision itself. If you win this case, why would you get a redo in front of the ALJ? Because there's clear evidence that they potentially applied the wrong standard of proof. They used the term established five separate times, whose plain meaning is indicative of a higher standard of proof. The harmless error standard says, you know what? Where did you make that argument in the district court? Specifically, where did you make that argument? Because I think you've got a problem here because the Social Security Administration says you waived that argument by failing to make it in the district court. So now you're asking us to give you or grant you broader relief than what you asked the district court. So the argument at the district court, I think, encompasses three general things. It said that the standard of proof must be stated in the ALJ opinion. It said that judicial review is frustrated when it's not stated, and also that the wrong standard of proof was applied in this case. And pointing to the use of the term establish is to that third point. It is showing that the wrong standard of proof was applied. Boy, we say that all the time. We say that all the time for established patterns of the evidence or whatever, the clear error, whatever the standard review is. I think if you tie the language of established to a standard of proof, certainly, right, you can establish something by any level of proof that you want. But the fact that you're saying that you use it at all different levels proves that it is not, it's more ambiguous than you're indicating. But at the end of the day, the plain meaning, which is the only thing we can do, because the ALJ didn't define established, the commissioner does not define it in their regulations, the use of the word established has to be given its plain meaning. And the plain meaning of that word is cited in our briefs, right, multiple different dictionaries beyond doubt, right? It's clear. It's obvious. It's something that is in stark contrast to what the preponderance standard is defined as at 404-901, which is more likely than not. And so the court, going back to the harmless error issue, right, does not have the great confidence that the outcome will be the same because the use of the word established taints the entire opinion and that the proper standard was applied. And so it has to remand in this case. We don't need necessarily a categorical rule that every time they don't state the standard on R silent that it has to be remanded. But when there's additional evidence that taints the entire opinion and calls into question what standard was applied, the court has no choice but to remand it for clarification. But we've utilized this word established in several of our cases as well. This court has? Yes. Okay, I'm not aware specifically of that. But again, the question is did they define it to mean this standard of proof? Because if they don't in this case, in this ALJ opinion, then how do we know that the court's use of that word established is how the commissioner and the ALJ was using that word established? At the fundamental level, the preponderance standard is required in every conclusion made by the ALJ. When the decision is silent, this court is really kind of limited in how it is able to assess that. And so looking to the use of a language, this court does not have the great confidence it needs in order to confirm that this case was utilizing the correct standard of proof. Therefore, we ask that this case be remanded. Is your case distinguishable from the Martinez? I know that was brought up and give them an opportunity to respond to that. Yes, I appreciate that. So the Martinez case, in a footnote, does note that there's not an express requirement to state the standard of proof. And we don't disagree with that. There is not an express requirement. However, I think that court was very narrowly focused and didn't read just the general language of 953, which states there has to be reasons for the decision. I don't think that court was apprised of the commissioner's own interpretation of that in their helix where they say you have to include all applicable law, right? And they specifically say you have to cite to statutes, regulations, and rulings. And how do we argue that something that is required under regulation, defined under regulation, is not applicable law at a fundamental level in every single ALJ opinion? All right, thank you, Mr. Zender. Mr. Hensley, what do you have to add that's not in your brief? Thank you, Your Honor. May it please the court, I'm Jay Hensley and I represent the commissioner. In response to Judge Kirch's concern in this case, I agree that a remand in this case would be for the sole reason to tell the ALJ you have to say that, quote, the appropriate standard of proof in this case is preponderance of the evidence. And that's it. That corrects the problem, if you will. I would add, if you were to do that, if this court were to remand this case, hundreds, maybe even thousands, of ALJ decisions would be affected in the same way because there are cases in the shoot, if you will, in which the preponderance standard is not specifically articulated. The ALJ's decision in this case should be upheld, Your Honors, because Ms. Bigger fails to demonstrate grounds for reversal. Substantial evidence is not a concern in this case. It has not been raised. In making the arguments Ms. Bigger makes, she fails to provide any support for her argument. There's nothing in the Social Security Act that requires an express statement of the burden of proof. There's nothing in our regulations. Finally, there's no circuit or district court case that imposes an express articulation of the standard of proof that, without exception, applies in every Social Security disability case. On our side, we have two recent cases. Warnell has been referred to, and in Warnell, this court a week ago said, Social Security adjudicators are subject to only the most minimal of articulation requirements. This court emphasized that substance and not form is important. And even more directly relevant to this case, less than 12 months ago, in Martinez, this court stated, no law or regulation requires an ALJ to expressly state that its decision is based on the preponderance of the evidence. Ms. Bigger points to the word establish as evidence, that the ALJ may have applied a more stringent standard than the preponderance. Your Honors, establish is a verb. It's not a standard of proof. You can establish something by preponderance of the evidence. You can establish something by clear and convincing evidence. In and of itself, the word established is not a standard of proof. In this case, Ms. Bigger is trying to convert the ALJ's linguistic choice into a heightened standard of proof, one that exceeds the standard recognized as applicable by the courts, our regulations, and our internal processes. And again, as I just mentioned, the preponderance standard is regulatorily prescribed. It applies to every Social Security disability case. There is nothing... Going to Judge Kirsch's question, is there anything about this decision that doesn't allow us to do that type of review? There's nothing in this decision that warrants a questioning. What happened in this case? Did the ALJ deviate from the well-prescribed path that's set forth in the regulations? Thank you. We ask that the court affirm this decision. Is there any other questions? Nope. Thank you. Mr. Zender. Thank you. Just quickly, I think it's important to note that they did not point to any evidence that the proper standard was applied. They don't have any ability to point to the standard being applied because it's not stated. It's silent in the opinion. They pointed to nothing else for this court to interpret that the correct standard was applied. In fact, their only argument is, this is what is supposed to be used in every case, so we're assuming that it is. Is there any suggestion, looking at the guidance in Warnell, is there any suggestion here that the ALJ did not follow the preponderance standard? Is there any suggestion in this case that they did not? Again, I point to the use of the term establish, right? That that word is indicative of a plain meaning of a higher standard. In Social Security cases, at least since 1971, on the research that I've done, this court has interchangeably used the word establish. The ALJ has to establish. So if we take those cases and over 40 years of directing ALJs to do this, to establish this, how does that argument, I guess, contend with what we, this court, has directed ALJs to do? So I would like to understand the context of how the court uses it. I know specifically in some of the rulings the commissioner does use the term establish for things like establishing MDIs. But if you actually look at the context in 16-3P, it says establish an MDI or look to other evidence that might prove that there's a medically terminal impairment. So they acknowledge a two-tier approach. Establish the MDI, which is through objective evidence, x-rays, which proves I have a broken leg and is therefore established. And then if it's not established with objective evidence, to look to other evidence, walking it back to the preponderance center. There are other evidence we have to consider that maybe proves there's something like an MDI of a headache, right? That you can't establish with the clear and sort of convincing evidence of an x-ray or otherwise. And so the context of how the court uses that term I think would be important. And it's important also on how the commissioner has used that term. And again, we have silence here. And so are we going to assume that the commissioner is always applying their rules correctly? I'm not aware of case law that says that. Thank you. Okay, thank you, Mr. Zender. The case will be taken under advisement.